## HYLER v. NACHTMAN.

REAL ESTATE: TITLE: EVIDENCE.

*Appeal from Delaware Circuit Court.*

MONDAY, JUNE 11.

BOTH parties claim title to the land in controversy, and the Circuit Court having found for the defendant and entered judgment accordingly, the plaintiff appeals.

*Geo. Wattson*, for appellant.

*J. M. Brayton*, for appellee.

SEEVERS, J.—The defendant claims title under George Krapfel and Michael Steckle, who he claims entered the land in controversy at the United

States Land Office at Dubuque, in 1848. They received a certificate of purchase, which has been lost. The application made by them on file in the land office in Dubuque has been destroyed by fire.

The plaintiff claims title under one Arlington, who entered the same at the United States Land Office in Des Moines, in 1866, and a patent has been issued to him. The records in Washington City show that the land entered by Krapfel and Steckle was in township 87, instead of 89; and said records also show that the land in 87 was entered in 1851 and 1852 by other parties.

The question, then, is what land was in fact actually entered by Krapfel and Steckle, and by whom was the mistake made. We have all carefully read the evidence, and separately reached the conclusion that the finding of the Circuit Court is correct. It would be useless to state in detail and at length the reasons that have induced us to so conclude. It is sufficient to say we are satisfied that Krapfel intended to enter land in township 89, and that he supposed he did so.

The most convincing single piece of evidence is that, in 1851, Krapfel and Steckle made conveyances of the land entered by them, and at that time they understood the English language imperfectly, and we do not believe they could have accurately, if at all, given a proper description of the land conveyed. Such a description, however, was incorporated in the conveyance made at that time, and Krapfel testifies it was taken from the certificate of purchase, which was there present.

This, in connection with the other evidence, satisfies us that the weight of the testimony is in favor of the theory of the defendant.

AFFIRMED.